**In re Diane O. BOTTEN, Debtor.**

**In re POLOIL, INC., Debtor.**

**In re Cedric D. JOHNSON, Debtor.**

**MOLO OIL COMPANY, an Iowa corporation, Plaintiff,**

**v.**

**Diane O. BOTTEN, and Cedric D. Johnson, and Poloil, Inc., Defendants.**

**Bankruptcy Nos. SF7–83–00127, SF7–83–0128 and SF7–83–0319. Adv. No. 83–0135.**

United States Bankruptcy Court, W. D. Wisconsin.

Oct. 18, 1985.

Michael J. Milliken, Superior, Wis., for plaintiff.

Martin J. Lipske, Superior, Wis., for defendant Botten.

## OPINION AND ORDER DENYING DISCHARGE OF DEBT

WILLIAM H. FRAWLEY, Bankruptcy Judge.

Plaintiff Molo Oil Company, Inc., has initiated this adversary proceeding objecting to discharge. A default judgment has been entered against defendant Cedric O. Johnson based on his failure to reply to plaintiff's complaint. Plaintiff's complaint objecting to discharge states a cause of action under both 11 U.S.C. § 523(a)(2)(A) and 11 U.S.C. § 727(a)(3). At trial of this matter plaintiff's attorney stated that the plaintiff was proceeding exclusively under sec. 523(a)(2)(A).

Trial of this case occurred June 13, 1985. Plaintiff appeared by Attorney Michael J. Milliken and defendant Diane O. Botten by Attorney Martin J. Lipske.

At trial defendant did not contest the fact that Poloil Company, Inc., is indebted to plaintiff in the amount of $114,091.70. Defendant, however, did contend that any fraud engaged in by the corporation in accumulating this debt was the responsibility of Cedric Johnson, not herself.

■ The initial issue to be addressed is whether the court should pierce the corporate veil and conclude that Diane Botten is individually liable for the debt to plaintiff. Internal affairs of corporations as a general matter are governed by the law of the state of incorporation. *First National City Bank v. Banco Para El Comercio*, 462 U.S. 611, 103 S.Ct. 2591, 77 L.Ed.2d 46 (1983). Whether a corporate veil should be pierced is a different matter since the rights of third parties are affected. Where a substantial federal interest is involved courts have gone beyond the law of the state of incorporation in considering matters of corporate identity. See *In re G & L Packing Co., Inc.*, 41 B.R. 903 (D.C.N.D.N.Y.1984).

■ Since the federal interests involved in this case are consistent with state interests underlying Wisconsin's law on piercing the corporate veil, this court shall look to Wisconsin law. The Wisconsin Supreme Court has consistently adhered to the proposition that a corporation is a separate entity from its shareholders under all ordinary circumstances. *Sprecher v. Weston's Bar, Inc.*, 78 Wis.2d 26, 253 N.W.2d 493, 498 (1977). In some instances, though, honoring this separate corporate identity would

support a fraudulent purpose, operate as a constructive fraud or defeat some strong equitable claim. *Id.* Under these circumstances the corporate veil will be pierced. *Id.* This court itself has noted that exceptions to the general rule that a corporation is a separate entity are made where justice and equity require. *In re Telemark Management Co., Inc.,* 43 B.R. 579, 586 (Bankr.W.D.Wis.1984).

■ Diane Botten was the president, director and stockholder of Poloil Company, Inc. Both she and Cedric Johnson contracted on behalf of Poloil to have it become an associate jobber with plaintiff. Diane Botten and Cedric Johnson operated the corporation together. They intermingled the corporation's accounts with accounts from other corporations they maintained. Records of deliveries were often not kept. The oil products from the separate corporations were mixed. The corporate records maintained by Diane Botten and Cedric Johnson were at best sketchy, and in many instances nonexistent.

It would be inequitable to allow Diane Botten to shield herself from liability based on the corporate fiction of Poloil Company, Inc. She and Cedric Johnson ran the company as if it had no separate corporate identity. They commingled accounts, cash and records from all their corporations. This court concludes that the corporate veil of Poloil Company, Inc., should be pierced to make defendant Botten liable for the debts.

■ Plaintiff alleges that these debts are nondischargeable under sec. 523(a)(2)(A). That section provides that a debt for property is nondischargeable to the extent obtained by false pretenses, a false representation or actual fraud. In order to prevail under sec. 523(a)(2)(A) a creditor must establish: 1) that the debtor made the representations; 2) that the debtor knew they were false when he made them; 3) that the representations were made with the intent and purpose of deceiving the creditor; 4) that the creditor relied upon such representations; and 5) that the alleged damages were the proximate result of the representations. *In re Sindic,* 44 B.R. 167, 170 (Bankr.E.D.Wis.1984). A cause of action for fraud exists where a debtor represents future facts or makes promises which he has no intent to fulfill. *In re Shipe,* 41 B.R. 584, 586 (Bankr.D.Md. 1984).

■ Plaintiff has demonstrated the necessary elements under sec. 523(a)(2)(A). At the time defendants contracted with plaintiff they led it to believe that a corporation would be established to operate as an associate jobber to plaintiff. Plaintiff reasonably expected a separate corporation, independently operated and maintained. Instead a corporate shell was formed and defendants kept no separate corporate identities. They mixed accounts, records and funds. The representation of a separate corporate identity was never intended to be carried out in any meaningful sense. This intent may be inferred by defendants' consistent and extensive disregard of any separate corporate identity of their companies. Plaintiff relied on the representation of a separate, normally-operated corporation to its detriment. Had it known that defendants' corporations were run in the combined, haphazard fashion in which they were it would not have taken on Poloil Company as an associate jobber. Its damages were the proximate result of defendants' misrepresentation.

Defendant Botten's assertion that any fraud was the responsibility of Cedric Johnson cannot be accepted. She was president of the corporation and managed it with Cedric Johnson. Whatever benefits arose from corporate business were undoubtedly enjoyed by defendant Botten. For example, she received gasoline at no cost for personal use. Given the position that defendant occupied and the management responsibility that she shared, the court must hold her responsible for the actions at issue.

This opinion shall constitute findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052.

## ORDER

IT IS ORDERED THAT defendant Dianne O. Botten is individually liable for the Poloil Company, Inc., debt to plaintiff in the amount of $114,091.70.

IT IS FURTHER ORDERED THAT this debt is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).